IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter ) | CV. NO. 03-00672 SOM-BMK |
| of ) | |
| ) | |
| The Complaint of MORNING STAR ) | |
| CRUISES, INC., a Hawaii corporation. ) | |
| SHIROH FUKUOKA, Individually and ) | |
| as Personal Representative of THE ) | CV. NO. 04-00588 DAE-KSC |
| ESTATE OF MITSUKO FUKUOKA, ) | |
| and as Next Friend of MIHO ) | **[CONSOLIDATED]** |
| FUKUOKA, a Minor, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **MEMORANDUM IN SUPPORT** |
| vs. ) | **OF MOTION** |
| ) | |
| MORNING STAR CRUISES, INC., a ) | |
| Hawaii corporation; JOHN DOES 1- ) | |
| 10, JANE DOES 1-10, DOE ) | |
| CORPORATIONS 1-10, DOE ) | |
| PARTNERSHIPS 1-10, DOE JOINT ) | |
| VENTURERS 1-10, DOE LIMITED ) | |
| LIABILITY ENTITES 1-10, DOE ) | |
| NON-PROFIT ENTITES, 1-10, DOE ) | |
| GOVERNMENTAL ENTITIES 1-10, ) | |
| DOE UNINCORPORATED ) | |
| ENTITIES 1-10, and OTHER DOE ) | |
| ENTITES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION

I. BACKGROUND

This matter arises out of a maritime accident that occurred on August 14, 2002. Mitsuko Fukuoka was injured while participating in an ocean activity called the "seawalker" on a vessel owned by Morning Star Cruises, Inc. (hereinafter referred to as Morning Star). A complaint was filed on September 8, 2003 by Plaintiff, SHIROH FUKUOKA, Individually and as Personal Representative of THE ESTATE OF MITSUKO FUKUOKA, and as Next Friend of MIHO FUKUOKA, a Minor (hereinafter referred to as "Plaintiff/Limitation Defendant"), in the Circuit Court of the First Circuit of the State of Hawaii, Civil No. 03-1-1819.

Pursuant to the U.S. Limitation of Liability Act, 46 U.S.C.A § 183 *et seq.*, and the Federal Rules of Civil Procedure 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Morning Star initiated a Complaint for Exoneration from or Limitation of Liability on December 8, 2003, and filed a First Amended Complaint for Exoneration from or Limitation of Liability, Civil No. CV03-00672 SOM, in the United States District Court for the District of Hawaii on December 18, 2003.

Defendant/ Limitation Plaintiff Morning Star filed a Notice of Removal of Civil No. 03-1-1819-09 to the United States District Court for the District of Hawaii and a consolidation with Civil No. CV03-00672 SOM for discovery and trial pursuant to a Stipulation filed on April 26, 2004.

## II.   FACTS AND LEGAL ARGUMENTS RELAVENT TO THESE MOTIONS

On March 26, 2004 Morning Star served Plaintiff/Limitation Defendant with its First Request for Answers to Interrogatories and Production of Documents and Things.  Morning Star contacted Plaintiff/Limitation Defendant via letter and telephone numerous times requesting a response to its discovery requests. Copies of letters sent to Plaintiff/ Limitation Defendant are attached as follows:  May 28, 2004 (Exhibit 1), October 11, 2004 (Exhibit 2), November 30, 2004 (Exhibit 3), February 16, 2005 (Exhibit 4), and November 5, 2005 (Exhibit 5).  Plaintiff/Limitation Defendant has continually promised Morning Star that discovery was forthcoming in "a few days."  The trial date has been rescheduled five times due to the parties inability to litigate the case without any discovery.

After Plaintiff/Limitation Defendant repeated failure to respond to Morning Star's discovery requests, Morning Star filed a Motion to Compel Discovery on April 17, 2006. A hearing was held before this Court on May 26, 2006 granting Morning Star's motion and ordering Plaintiff/Limitation Defendant

to submit Answers to Interrogatories no later than June 15, 2006. A copy of the Order Granting [Morning Star's] Motion to Compel Discovery is attached hereto as Exhibit 6. Plaintiff/Limitation Defendant failed to comply with this Court's Order compelling discovery and to date, has failed to answer or object to Morning Star's discovery requests.

### A.   Dismissal of claims an appropriate sanction

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court in which the action is pending may make orders regarding the failure, including "dismissing the action or proceeding or any part thereof."

Morning Star encourages the Court to impose the sanction of dismissal of Plaintiff/Limitation Defendants claims for not only wanton failure and neglect in the discovery process in failing to respond at all to Morning Star's discovery requests, but also as a fair and equitable sanction for Plaintiff/Limitation Defendants failure to comply with an order of this court, evidencing Plaintiff/Limitation Defendant's bad faith in the discovery process throughout this litigation.

When imposing dismissal as a sanction, the court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4)

4

the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Del P. Henry, Jr. v. Gill Industries, Inc.*, 983 F.2d 942, 948 (9th Cir. 1993); (quoting *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir 1991)); see also *W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co.*, 8 Haw.App. 354, 362, 802 P.2d 1203, 1207 (1990).

The conduct of Plaintiff/Limitation Defendant can be applied to the above test.

### (1) The Public's Interest in the Expeditious Resolution of the Litigation

This factor weighs in favor of dismissal. Plaintiff filed his complaint on September 8, 2003. Trial was scheduled for October 26, 2004. Trial was then rescheduled for October 4, 2005, then to December 28, 2005, rescheduled again to April 25, 2006, and again to August 22, 2006. Finally, pursuant to a rescheduling conference held July 3, 2006, trial has been rescheduled for the fifth time to February 21, 2007. Clearly, it is in the public's best interest that this case be dismissed. Plaintiff/Limitation Defendant has been anything but expeditious in resolving the litigation. Public interest in expeditious resolution weighs in favor of dismissing this case.

### (2) The Court's Need to Manage its Dockets

Reasoning for the second factor is similar to the first factor. This case was filed nearly three years ago and rescheduled for trial five times. This court

5

heard and granted Morning Star's Motion to Compel Discovery and is scheduled to hear Morning Star's Motion for Summary Judgment on July 17, 2006. It appears that Morning Star is the only party actively involved in this drawn out case. Discovery has not been answered and even at the last hearing Plaintiff/Limitation Defendant said he would have his responses 'in a few days.' If responses were ever received, Morning Star then would have the hurdle of scheduling a deposition in Japan with the noncompliant Plaintiff. Considering the length of time this case has been in litigation, the behavior of Plaintiff/Limitation Defendant and the burden on this Court's docket, the second factor weighs in favor of a sanction of dismissal.

(3)   **The Risk of Prejudice to the Party Seeking Sanctions**

Plaintiff/Limitation Defendant's repeated failure to respond to Morning Star's discovery request and failure to follow this Court's order requiring compliance has deprived Morning Star of information it needs to proceed to trial. Plaintiff/Limitation Defendant's conduct has indeed "impaired [Morning Star's] ability to go to trial or threaten to interfere with the rightful decision of the case." *Aloha Unlimited, Inc. v. Coughlin*, 79 Hawai'i App. 527, 533, 904 P.2d 541, 547 (1995) (quoting *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987), *cert. denied sub nom. Malone v. Frank*, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988)). Morning Star has been prejudiced by Plaintiff/Limitation Defendant's actions and thus favors a sanction of dismissal.

6

### (4) The Public Policy favoring Disposition of Cases on their Merits

Although dismissal of a claim as a discovery sanction is inapposite with the public policy of the disposition of cases on their merits, a discovery sanction is appropriate in this case. "[I]n practice[,] the element of willfulness [is] required when the sanction was harsh (dismissal or default), but not required when some lesser sanction, such as assessment of expenses, was imposed." *Aloha*, 79 Haw. App. at 547, 904 P.2d at 533. (quoting 4A J. *Moore, Moore's Federal Practice* 37.05, at 37-119 (2d ed. 1995)). The element of willfulness is demonstrated if the record shows delay or contumacious conduct by the party against whom dismissal sanction is sought, or that the party has wrongfully failed to provide discovery. Id.; *Azer v. The Courthouse Racquetball Corp.*, 9 Haw.App. 530, 540, 852 P.2d 75, 81, reconsideration denied, --Haw.---, 857 P.2d 600 (1993).

Plaintiff/Limitation Defendant was served with Morning Star's First Request for Answers to Interrogatories and Production of Documents on March 26, 2004. After numerous phone calls and letters requesting responses, Morning Star had no other option than to file its Motion to Compel Discovery. Even after an Order to provide responses by June 15, 2006 was issued, Plaintiff/Limitation Defendant continues to delay his response in contravention to the Federal Rules of Civil Procedure and this Court's order. Plaintiff/Limitation Defendant's willful

disregard to comply with discovery requests and order is sanctionable under this factor.

### (5) The Availability of Less Drastic Sanctions

There are less drastic sanctions available to the court pursuant to the FRCP 37(b)(2). The Court, inter alia, can make an order refusing to allow Plaintiff/Limitation Defendant to oppose designated claims or defenses, or prohibit him from introducing any of the discovery requested in evidence; may stay the proceedings until the order is obeyed; or treat as a contempt of court Plaintiff/Limitation Defendants failure to obey court orders. *Federal Rules of Civil Procedure* 37(b)(2).

While all of these options may be appropriate sanctions in certain circumstances, Morning Star does not believe they are appropriate given the bad faith of Plaintiff/Limitation Defendant. This Court's Order to Compel Discovery was ignored, and there is no reason to expect that a more satisfactory response will occur with lesser sanctions.

In sum, dismissal of Plaintiff/Limitation claim is an appropriate sanction because all five guidelines are met.

### B. Attorney's Fees and Costs

Pursuant to Rules 36 and 37(a)(4), this motion also requests the award of attorney's fees and costs in bringing this motion. Total costs of bringing the

motion will be supported by affidavit at the time of the hearing, to allow for additional responses if required.

### III. CONCLUSION

For the foregoing reasons, Defendant/Limitation Plaintiff MORNING STAR CRUISES, INC. respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Claims and for Attorney's Fees and Costs.

DATED: Honolulu, Hawaii, July 11, 2006.

*[signature]*

**GREGORY K. MARKHAM**
**KEITH K. KATO**
**DESIREE HIKIDA MOKUOHAI**

Attorneys for Defendant/
Limitation Plaintiff
**MORNING STAR CRUISES, INC.**