ORIGINAL

Of Counsel:
KAWAMURA LAW OFFICE
Attorneys At Law

ROBERT D. KAWAMURA  4537-0
107 Lawyers Building
550 Halekauwila Street
Honolulu, Hawaii   96813
Telephone: (808) 523-3777
Facsimile: (808) 523-3780
Email:    Honolaw@aol.com

Attorneys for Plaintiffs/Limitation Defendants
SHIROH FUKUOKA, Individually and
as Personal Representative of
THE ESTATE OF MITSUKO FUKUOKA, and
as Next Friend Of MIHO FUKUOKA, a Minor

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 11 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| In the Matter<br><br>Of<br><br>The Complaint of MORNING STAR CRUISES, INC., a Hawaii corporation.<br><br>——————————————<br><br>SHIROH FUKUOKA,<br><br>   Plaintiff,<br><br>Vs.<br><br>MORNING STAR CRUISES, INC.,<br><br>   Defendant. | Civil No. CV03-00672SOM<br>(Non-Vehicle Tort)<br><br><br><br><br><br><br>Civil No. 04-00588 SOM-BMK<br>(Consolidated)<br><br>**LIMITATION DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF'S COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY FILED MAY 17, 2006;** DECLARATION OF ROBERT D. KAWAMURA; EXHIBIT "1"; CERTIFICATE OF SERVICE<br><br>**Date:** July 17, 2006<br>**Time:** 9:45 a.m.<br>**Judge:** Susan Oki Mollway |

**LIMITATION DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF'S COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY FILED MAY 17, 2006**

I.  Introduction

The above-entitled Limitation Defendants, by and through its attorney, Robert D. Kawamura, hereby opposes Limitation Plaintiff's Motion For Summary Judgment In Favor Of Plaintiff's Complaint For Exoneration From Or Limitation Of Liability Filed May 17, 2006. This wrongful death case involves the drowning of a visitor from Japan during a "snuba" diving activity operated by Limitation Plaintiff in Kaneohe Bay, Hawaii. The snuba dive involved divers walking on the bottom of the ocean wearing a helmet with an air line to the surface. While walking on the sea floor, Mitsuko Fukuoka, a wife and mother, gave a distress signal to one of the operator's employees who was also walking on the sea floor and he attempted to assist her to the surface. Mitsuko Fukuoka drowned in the process as water leaked into her helmet.

II. Argument

    A. This motion should be denied as genuine issues of material fact exist as to whether there is general maritime jurisdiction over the subject snuba diving activity.

Limitation Plaintiff has failed to meet its burden of showing that general maritime jurisdiction exists over the subject snuba diving activity under the two prong test enunciated in Grubart v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 115

2

S.Ct. 1043, 1048, 130 L.Ed.2d 1024 (1995). The court held that the test for general maritime jurisdiction under 28 U.S.C § 1333 consists of a two prong test, a "location" prong and a "connection" prong. Under the location prong, a court must determine whether the tort occurred on navigable water or whether the injury suffered on land was caused by a vessel on navigable water. Under the connection prong, a court must determine whether the incident has a "potentially disruptive impact on maritime commerce" and whether the "general character" of the "activity giving rise to the incident" bears a "substantial relationship to traditional maritime activity." Id. at 1048. As is set forth below, Limitation Defendant has failed to meet its burden of satisfying the connection prong.

Although the case of Tacredi v. Dive Makai Charters, 823 F.Supp. 778 (D. Haw. 1993) was decided pre-Grubart, the holding of the court is still rationally sound and principled. The court held that "there is nothing inherent in the sport of scuba diving itself that mandates that all tort actions involving scuba should fall under general maritime law." The court held that there was no general maritime jurisdiction because the "general conduct from which the incident arose" was aquatic recreation using scuba equipment and therefore there was not substantially related to traditional maritime activity. Id. at 784. The court found that the scuba diving injury involved was analogous to that of a recreational swimmer. In essence the

3

court found no traditional maritime activity was involved in the operative factual allegations and accordingly no admiralty jurisdiction was present.

Here, snuba, is even more of a non-traditional maritime activity. Snuba is a relatively new activity. Snuba differs substantially from scuba in that the divers do not have tanks on their backs, but instead they share a common air supply floating on the surface through air hoses. <u>McClenahan v. Paradise Cruises, Ltd.</u>, 888 F.Supp. 120, 1995 A.M.C. 1899 (D. Hawaii, May 19, 1995). In fact, snuba divers wear helmets with air lines to the surface and walk on the bottom of the ocean whereas scuba divers wear air tanks on their back and swim as opposed to walk. In <u>McClenahan</u>, although the court found there to be maritime jurisdiction over a snuba activity, that case is factually distinguishable from the facts here. In <u>McClenahan</u>, the court applied the two prong test enunciated in <u>Grubart</u>. The court held that the location prong was satisfied given that the incident occurred on navigable waters. The court also held that the connection prong was satisfied because there were allegations of negligence on the part of the vessel and of Paradise Cruises, Inc. <u>Id.</u> at 122. Here, however, Limitation Defendants do <u>not</u> allege that there was anything wrong with any vessel or that Limitation Plaintiffs did anything wrong with its vessel or to its vessel, nor that the vessel was defective or in any way caused the subject snuba diving death. <u>See</u> Complaint, Ex. "1".

4

Here, the Limitation Defendants allege that the Limitation Plaintiff negligently operated and monitored the snuba dive that occurred under water. It is undisputed that Mitsuko Fukuoka suffered distress underwater and drowned. As in Tancredi, the incident here was a mere aquatic recreation using snuba equipment. More importantly, there is no allegation against the vessel or concerning the vessel.

While it is true that a boat transported Mitsuko Fukuoka to the dive site, the court in In re Kanoa, Inc., 872 F.Supp 740 (D.Haw. 1994), held that that admiralty jurisdiction was not present over the diving activity. The court held that "any relationship between the accidental death. . . and the boat's transport. . . to the dive site was 'wholly fortuitous and unrelated to the tort itself.'" Id. at 745. The court concluded that the charter boat company's "liability, if any, arose from the manner in which it conducted the dive expedition." Id. at 745. Accordingly, any "relationship between the activity of recreational diving from which the accident arose and the maritime activity of transporting [decedent] Licata to the dive site" was thus "insufficient to support admiralty jurisdiction." Id. at 746.

Moreover, it can hardly be said that the "general character" of snuba diving "bears a substantial relationship to traditional maritime activity." The court in Grubhart clarified the substantial relationship test in Sisson v. Ruby, 497 U.S.

5

358, 362-63, 110 S.Ct. 2892, 2895-2896, 111 L.E.2d 292 (1990), and stated that the substantial relationship test is satisfied when at least one alleged tortfeasor was engaging in activity substantially related to traditional maritime activity <u>and</u> such activity is claimed to have been a proximate cause of the incident." <u>Grubart</u>, at 1052. Here, there is <u>no</u> allegation that any alleged tortfeasor was engaging <u>in an activity substantially related to traditional maritime activity</u> <u>and</u> <u>which said activity was a proximate cause of the incident</u>. First of all, the activity involved here is snuba diving, which is <u>not</u> a traditional maritime activity and is not related to any traditional maritime activity. Secondly, there is <u>no</u> allegation that any of Limitation Plaintiff's employees negligently operated any vessel or engaged in any type of traditional maritime activity which caused Mitsuko Fukuoka's death. Limitation Defendants allege that Limitation Plaintiff negligently operated and monitored a snuba diving event which occurred under water while she walked on the bottom of the ocean.

Finally, Limitation Defendants note that <u>Grubart</u> involved damage to a structure caused by a vessel and the court held that damaging the structure could lead to a disruption in the water course itself and could lead to restrictions on navigational use during repairs. Id. at 1045. However, here there was no vessel colliding into anything nor is there any claim that any vessel was negligently operated in any way. The

subject incident occurred in Kaneohe bay where it is doubtful that there could have been any disruption in maritime activity.

II. Conclusion

Based on the foregoing, Limitation Defendants respectfully request that the Honorable court deny the instant motion.

Dated: Honolulu, Hawaii, _July 11, 2006_.

_____
Robert D. Kawamura

Attorney for Limitation
 Defendants
SHIROH FUKUOKA, Individually
and as Personal Representative
of THE ESTATE OF MITSUKO
FUKUOKA, and as Next Friend Of
MIHO FUKUOKA, a Minor