**CHEE & MARKHAM**
Attorneys At Law

**GREGORY K. MARKHAM**         (3453-0)
**KEITH K. KATO**              (5320-0)
**DESIREE HIKIDA MOKUOHAI**    (7793-0)
1000 American Savings Bank Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 523-0111
Facsimile:  (808)523-0115
Email: gmarkham@cheemarkham.com
       kkato@cheemarkham.com
       dmokuohai@cheemarkham.com

Attorneys for Defendant/Limitation Plaintiff
**MORNING STAR CRUISES, INC.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter ) | CV NO. 03-00672 SOM-BMK |
| ) | |
| of ) | |
| ) | |
| The Complaint of MORNING STAR ) | |
| CRUISES, INC., a Hawaii ) | |
| corporation. ) | |
| ) | |
| SHIROH FUKUOKA, ) | CV NO. 04-00588 SOM-BMK |
| ) | |
| Plaintiff, ) | [CONSOLIDATED] |
| ) | |
| vs. ) | **LIMITATION PLAINTIFF'S** |
| ) | **REPLY MEMORANDUM IN** |
| MORNING STAR CRUISES, INC., ) | **SUPPORT OF ITS MOTION FOR** |
| ) | **SUMMARY JUDGMENT IN** |
| Defendant. ) | **FAVOR OF PLAINTIFF'S** |
| ) | **COMPLAINT FOR** |

| | |
|---|---|
| ) | **EXONERATION FROM OR** |
| ) | **LIMITATION OF LIABILITY** |
| ) | **FILED MAY 17, 2006;** |
| ) | **CERTIFICATE OF SERVICE** |
| ) | |
| ) | Hearing: July 17, 2006 |
| ) | Time: 3:00 p.m. |
| ) | Judge: Hon. Susan Oki Mollway |
| ) | |
| ) | Trial: February 21, 2007 |
| ) | Time: 9:00 a.m. |
| ) | Judge: Hon. Susan Oki Mollway |

**LIMITATION PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF'S COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY [FILED 5/17/06] FILED JULY 11, 2006**

COMES NOW Limitation Plaintiff MORNING STAR CRUISES, INC. (hereinafter referred to as "Morning Star"), by and through its attorneys, the law firm of Chee & Markham, and hereby submits its Reply Memorandum in Support of its Motion for Summary Judgment in Favor of Plaintiff's Complaint for Exoneration from or Limitation of Liability.

**I.  INTRODUCTION**

In addition to the numerous procedural errors, Limitation Defendants, in their memorandum in opposition to the Motion for Summary Judgment in favor of Morning Star's Complaint for Exoneration from or Limitation of Liability reiterate the two prong test for maritime jurisdiction under 28 U.S.C. § 1333.

2

Under the first prong, the "location" prong, a court must determine whether the tort occurred on navigable water or whether the injury suffered on land was caused by a vessel on navigable water. The second part of the test, the "connection" prong, consists of two issues: (1) whether the incident has a "potentially disruptive impact on maritime commerce" and (2) whether the "general character" of the "activity giving rise to the incident" bears a "substantial relationship to traditional maritime activity." <u>Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.</u>, 513 U.S. 527, 532-34, 115 S.Ct. 1043, 1048, 130 L.Ed.2d 1024 (1995).

      Limitation Defendants do not dispute the "location" prong of the test, that the incident occurred on navigable water. However, Limitation Defendants posit that there is a genuine issue of material fact as to whether there is general maritime jurisdiction over snuba[1] diving. Essentially, Limitation Defendants have three arguments:

(1)    Snuba diving is an aquatic recreation and not a traditional maritime activity;

(2)    There is no allegation that any alleged tortfeasor was engaging in an activity substantially related to traditional maritime activity which was a proximate cause of the incident; and

---

[1] There is an error in terminology. The ocean activity that Mitsuko Fukuoka participated in was actually called the "SeaWalker," not "snuba" diving. The apparatus of the two equipment differ somewhat. The "SeaWalker" utilizes a helmet that goes over the participants head, allowing them to wear glasses and speak. An air tube is attached to the helmet and receives a continual stream of fresh air from a compressor. In "Snuba" diving, participants use goggles and the breathing tube is attached directly to their mouth from an air tank. See www.snuba.com.

3

(3) It is doubtful that there could have been a disruption in maritime activity because there are no allegations that the vessel was negligently operated in any way and the incident occurred in Kaneohe Bay

Each of these arguments fail and Limitation Plaintiff's are entitled to judgment as a matter of law. Morning Star will address each of these arguments separately below.

## II.     DISCUSSION

### A. Limitation Defendants' argument that "snuba" diving is not traditional maritime activity is flawed and premised on invalid case law

Limitation Defendants posit that snuba diving is a non-traditional maritime activity. In support of their position, Limitation Defendants state the following:

> Although the case of *Tacredi v. Dive Makai Charters*, 823 F.Supp. 778 (D. Haw. 1993) was decided pre-*Grubart*, the holding of the court is still rationally sound and principled. The court held that "there is nothing inherent in the sport of scuba diving itself that mandates that all tort actions involving scuba should fall under general maritime law." The court held that there was no general maritime jurisdiction because the "general conduct from which the incident arose" was aquatic recreation using scuba equipment and therefore was not substantially related to traditional maritime activity. *Id*.

*(Limitation Defendants' Memo in Opposition, p. 3)*

Limitation Defendants do admit that the decision in *Tancredi* was prior to *Grubart*; however, they fail to state that *Grubart* overruled the 'connection' prong analysis utilized in *Tancredi*. See *McClenahan v. Paradise Cruises, Ltd.*

4

888 F.Supp. 120, 122 -123 (D.Hawai'i, 1995)[2] (recognizing the overruling by *Grubart*); *Shultz v. Florida Keys Dive Center, Inc.* 224 F.3d 1269, 1272 (C.A.11 (Fla.), 2000) (recognizing that *Tancredi* was overruled in part by *Grubart*). As such, the premise of Limitation Defendants position is invalid.

      Limitation Defendants concede that this Court, in *McClenahan*, did in fact find maritime jurisdiction over snuba activity. *McClenahan*, 888 F.Supp, 120 at 122. Although Limitation Defendants attempt to factually distinguish this case from *McClenahan* by asserting that there were no allegations that "anything was wrong with any vessel or that Limitation Plaintiffs did anything wrong with its vessel or to its vessel, nor that the vessel was defective or in anyway caused the subject snuba diving death" (See Limitation Defendants' Memo in Opp. p. 4), as illustrated below in Section B, this assertion is incorrect and *McClenahan* is not distinguishable.

      Furthermore, Limitation Defendants' reliance on *In re Kanoa, Inc.,* 872 F.Supp 740 (D.Haw. 1994) for the proposition that "any relationship between the activity of recreational diving from which the accident arose and the maritime activity of transporting [decedent] ….to the dive site" was "insufficient to support admiralty jurisdiction" is misplaced. In *Grubart*, the court clarified that proximate

---

[2] *"Grubart* thus overrules at least in part the Ninth Circuit's *Delta* (and therefore *Tancredi* and *Kanoa* as well). Moreover, the Court in *Grubart* also appears to have specifically rejected multi-factor tests such as those approved in *Delta."*

5

cause is considered in assessing maritime jurisdiction. As <u>Kanoa</u> was decided prior to <u>Grubart</u>, <u>Kanoa</u> did not consider causation in its analysis and therefore is partially overruled.[3] Again, Limitation Defendants rely on invalid case law to support their proposition.

**B. Limitation Defendants' claims of negligence satisfy the requirement that at least one alleged tortfeasor was engaging in an activity substantially related to traditional maritime activity which was a proximate cause of the incident**

The second issue of the "connection" prong, whether the "general character" of the "activity giving rise to the incident" bears a "substantial relationship to traditional maritime activity," has been proven by demonstrating that the underlying incident involved allegations of negligence. "The substantial relationship test is satisfied when at least one alleged tortfeasor was engaging in activity substantially related to traditional maritime activity and such activity is claimed to have been a proximate cause of the incident. <u>McClenahan</u>, 888 F.Supp. at 122 (quoting <u>Grubart</u> 513 U.S. at 541, 115 S.Ct. at 1052).

Contrary to Limitation Defendants' assertions, substantial relationships with traditional maritime activity can be established not only by

---

[3] "Causation is certainly a relevant inquiry. *Grubart,* 513 U.S. at ----, 115 S.Ct. at 1052. *Grubart* thus overrules at least in part the Ninth Circuit's *Delta* (and therefore *Tancredi* and *Kanoa* as well). Moreover, the Court in *Grubart* also appears to have specifically rejected multi-factor tests such as those approved in *Delta.*" <u>McClenahan v. Paradise Cruises, Ltd</u>. 888 F.Supp. 120 (1995), *122 -123 (D.Hawai'i, 1995)

claims of negligent operation of vessels (*In the Matter of the Complaint of Paradise Holdings, Inc*. 795 F.2d 756, 760 (9th Cir. 1986)), but also from negligence claims for failure to respond adequately to an emergency at sea, failure to keep or use adequate emergency equipment, failure to properly render first aid (*In the Matter of Pacific Adventures Inc.,* 5 F. Supp.2d 874, 877 (D.Haw. 1998)), allegations of negligence on the part of the vessel and the cruise company, and failure to warn (*McCLenahan* 888 F.Supp. at 122).

In their Complaint, Limitation Defendants allege that Morning Star was negligent, inter alia, in its failure to properly operate and monitor the activity, failure to prepare the diving equipment for activity, failure to train its employees and agents in the safe operation of the activity, failure to implement appropriate safety and first aid procedures, failure to timely respond to Mitsuko Fukuoka's distress, negligently responding to Mitsuko Fukuoka's plight, and failure to warn. (See Limitation Defendants' Memo in Opp, Exhibit 1, p. 6-8) Clearly, the underlying incident involved allegations of negligence related to maritime activity demonstrating that "the activity giving rise to the incident" bears a "substantial relationship to traditional maritime activity," thus satisfying the second issue of the "connection" prong. Limitation Defendants' argument that their claims of negligence on behalf of Morning Star and its agents are unrelated to a "traditional

maritime activity" that was "the proximate cause of the incident" is in not supported by any case law and is inaccurate.

### C. **The fact that the accident did not include a collision and occurred in Kaneohe Bay does not diminish the potentially disruptive impact on maritime commerce**

Limitation Defendants contest the first issue of the 'connection' prong: whether the incident has a "potentially disruptive impact on maritime commerce." *McClenahan*[4]. Limitation Defendants' argument, essentially, is that because there was no collision of the vessel or allegations that the vessel was negligently operated, and that the incident occurred in Kaneohe Bay, it is doubtful there could have been any disruption in maritime activity. As stated in Limitation Plaintiff's Memorandum in Support of Motion for Summary Judgment, the United States Supreme Court focuses not on specific facts at hand, but whether the "general features" of the incident were "likely to disrupt commercial activity." *Grubart,* 513 U.S. at 538, 115 S.Ct at 1051. See also *McClenahan*, 888 F.Supp, 120 at 122.

As stated in Limitation Plaintiff's Memorandum in Support, the "general features" of the accident, an injury sustained while participating in an ocean activity from a vessel in navigable water, has a potentially disruptive impact

---

[4] In McClenahan, parties did not seriously dispute the potential for disruptive impact on maritime commerce, this Court stated that "injuries at sea invariably have potential [for disruptive impact on maritime commerce]." McClenahan, 888 F.Supp, 120 at 122.

8

on maritime commerce. See *McClenahan*, 888 F.Supp at 123 (holding an injury sustained during "snuba" activity was likely to disrupt commercial activity); *Pacific* 5 F.Supp.2d at 877 (finding maritime jurisdiction when an injury was sustained while scuba diving).

At the time of the incident, Morning Star was actually engaged in a commercial activity. This activity was indeed disrupted after the incident occurred. Additionally, when the crew of Morning Star discovered Mitsuko Fukuoka's need for immediate medical assistance, it signaled another vessel to respond and take her to shore. The rescue vessel was diverted from its own normal commercial ventures. The incident and activity of the Morning Star crew both actually and potentially affected maritime commerce. See *Sinclair v. Soniform* 935 F.2d 599, 602 (3rd Cir. 1991) (Court held that actual impact arose from the fact that the vessel itself was engaged in a commercial venture, and the potential impact arose from the emergency nature of the incident). It is incontrovertible the incident at bar has a potentially disruptive impact on maritime commercial activity.

### III. Conclusion

For the foregoing reasons as well as the reasons expounded in the Memorandum in Support of Motion, Morning Star Cruises, Inc. respectfully

request that this Court grant its Motion for Summary Judgment in favor of Limitation Plaintiff's Complaint for Exoneration From Or Limitation of Liability.

DATED: Honolulu, Hawaii, July 14, 2006.

        **/s/ Desiree Hikida Mokuohai**
        **GREGORY K. MARKHAM**
        **KEITH K. KATO**
        **DESIREE HIKIDA MOKUOHAI**

        Attorneys for /Defendant
        Limitation Plaintiff
        **MORNING STAR CRUISES, INC.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In the Matter | ) | CV NO. 03-00672 SOM-BMK |
| of | ) | |
| The Complaint of MORNING STAR CRUISES, INC., a Hawaii Corporation. | ) | |
| SHIROH FUKUOKA, | ) | CV NO. 04-00588 SOM-BMK |
| Plaintiff, | ) | [CONSOLIDATED] |
| vs. | ) | |
| MORNING STAR CRUISES, INC., | ) | **CERTIFICATE OF SERVICE;** |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was duly served upon the following interested party at his address by means of hand-delivery on July 14, 2006.

**ROBERT D. KAWAMURA, ESQ.**
550 Halekauwila Street, Suite 106
Honolulu, Hawaii  96813

Attorney for Limitation Defendants


DATED: Honolulu, Hawaii, July 14, 2006.

<u>**/s/ Desiree Hikida Mokuohai**</u>
**GREGORY K. MARKHAM
KEITH K. KATO
DESIREE HIKIDA MOKUOHAI**

Attorneys for /Defendant
Limitation Plaintiff
**MORNING STAR CRUISES, INC.**
