IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter ) | CV NO. 03-00672 SOM-BMK |
| of ) | |
| The Complaint of MORNING STAR ) CRUISES, INC., a Hawaii corporation. ) | |
| _____ ) | |
| SHIROH FUKUOKA, ) | CV NO. 04-00588 SOM-BMK |
| ) | [CONSOLIDATED] |
| Plaintiff, ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| vs. ) | **MOTION** |
| MORNING STAR CRUISES, INC., ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF MOTION

I.   **Introduction**

This case arises out of a maritime incident. On August 14, 2002, Mitsuko Fukuoka was booked on a cruise with Morning Star Cruises Inc. (hereinafter "Morning Star") and was a passenger of a certain 24 steel foot vessel (hereinafter referred to as the "Vessel") owned and operated by Morning Star. The Vessel was operated by Morning Star in connection with the transportation of passengers and ocean activities for hire upon the navigable waters of the United

States in the vicinity of Kaneohe Bay Ocean Recreation Management Area.[1] The Vessel transported Mitsuko Fukuoka and other passengers into Kaneohe Bay to participate in the "SeaWalker" activity. The "SeaWalker" system is comprised of an underwater helmet and a compressor system that delivers a continual stream of fresh air to the helmet. Users descend to the ocean floor using a special "SeaWalker ladder" and stroll on the ocean floor. Participants signed waivers and received instructions for the participation in the "SeaWalker" activity. After participating for approximately five minutes, Mitsuko Fukuoka gave divers the hand signal for distress. The crew pulled her to the surface of the boat. In accordance with their safety procedures, the crew called in a speedboat to take Mitsuko Fukuoka to shore and called EMT services who subsequently took Mitsuko Fukuoka to Castle Medical Center.

## II.   Procedural Background

On September 8, 2003, a lawsuit was commenced in the Circuit Court of the First Circuit of the State of Hawaii, Civil No. 03-1-1819, captioned SHIROH FUKUOKA, *Individually and as Personal Representative of* THE ESTATE OF MITSUKO FUKUOKA, *and as Next Friend of* MIHO FUKUOKA, *a Minor, Plaintiffs*, (hereinafter collectively referred to as "Limitation

---

[1] Order Determining Existence of Admiralty Jurisdiction was filed July 19, 2006.

7

Defendants") vs. MORNING STAR CRUISES, INC., a HAWAII CORPORATION et al., Defendants.

Pursuant to the U.S. Limitation of Liability Act, 46 U.S.C.A § 183 *et seq.*, and the Federal Rules of Civil Procedure 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Morning Star initiated a Complaint for Exoneration from or Limitation of Liability December 8, 2003, and a First Amended Complaint for Exoneration from or Limitation of Liability, Civil No. CV03-00672 SOM, in the United States District Court for the District of Hawaii on December 18, 2003.

Pursuant to an agreement between the parties and a Stipulation filed on April 26, 2004, Morning Star filed a Notice of Removal of Civil No. 03-1-1819-09 to the United States District Court for the District of Hawaii and a consolidation with Civil No. CV03-00672 SOM for discovery and trial. In accordance with the Stipulation, Morning Star filed a Notice of Deposit of Funds with the Court, the sum of four thousand and no/100 dollars ($4,000.00), representing the value of the Vessel and compressor attached to the Vessel, for the payment of judgments, if any, against Morning Star arising out of the accident involving Mitsuko Fukuoka.

On July 17, 2006 this Court heard and granted Morning Star's Motion for Summary Judgment determining the existence of admiralty jurisdiction, finding the "location" prong and "connection" prong of the test for admiralty jurisdiction was met.

MORNING STAR CRUISES, INC. now seeks an order granting summary judgment against Limitation Defendants SHIROH FUKUOKA, *Individually and as Personal Representative of* THE ESTATE OF MITSUKO FUKUOKA, *and as Next Friend of* MIHO FUKUOKA, *a Minor* for its Complaint for Exoneration from or Limitation of Liability.

### III. Legal Standard for Summary Judgment

Rule 56(c) of the *Federal Rules of Civil Procedure* provides in pertinent part as follows:

> [Summary Judgment] **shall be rendered forthwith** if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law. (emphasis added)

Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. *Id.*

The United States Supreme Court has stated that summary judgment must be granted against a party who fails to demonstrate, after an adequate time for

9

discovery, that there is a genuine issue of facts to establish elements essential to his case where that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed2d 265 (1986).

"If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact…, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Elec. Serv. v. Pacific Elec. Contracotrs Ass'n* 809 F.2d 626, 630 (9th Cir. 1987).

The United States Supreme Court has established that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Therefore, if the evidence offered by the nonmoving party is "merely colorable," or "is not significantly probative," the motion for summary judgment should be granted. *Id.* at 1356.

### IV.   Discussion

Morning Star seeks exoneration from or limitation of liability pursuant to Federal Rules of Civil Procedure, Supplemental Rule F and 28 U.S.C. §181 et seq. (the "Limitation of Liability Act"). A complaint under the Limitation

of Liability Act is a two-step process. A district court sitting in admiralty determines first, "whether there was negligence; [second] if there was negligence, whether it was without the privity and knowledge of the owner; and [finally] if limitation is granted, how the [limitation] fund should be distributed." The claimant has the initial burden of showing negligence or unseaworthiness, and then, if the claimant is successful, the burden shifts to the shipowner to demonstrate a lack of privity and knowledge in order to obtain the benefit of limitation of liability. <u>Complaint of Consolidated Coal Company</u>, 123 F.3d 126, 132 (3rd Cir. 1997).

The Limitation of Liability Act provides that a vessel owner's liability when a maritime accident occurs "without privity or knowledge of such owner or owners," that shall not "exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C.App. § 183(a).

The Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F(1) requires the owner of the vessel to deposit with the court a "sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefore, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended." *Supplemental Rules for Certain Admiralty and Maritime Claims.*

11

Morning Star has complied with the security requirement by depositing the sum of four thousand and no/100 dollars ($4,00.00), representing the value of the Vessel and compressor attached to the Vessel. See *Notice of Deposit of Funds with Court* filed May 7, 2004. The value of the Vessel and compressor attached to the Vessel was determined by the independent appraisal of Maritime Surveyor Michael Doyle. See a true and correct copy of the appraisal report attached hereto as Exhibit "A."

### A. Morning Star should be exonerated from liability because its vessel was neither unseaworthy nor was there any negligence on behalf of Morning Star or its crew.

After a limitation of liability petition has been filed, the Court must first determine what acts of negligence or conditions of unseaworthiness caused the accident. *In the Matter of the Complaint of Glenn R. Hechinger*, 890 F.2d 202, 207 (9th Cir. 1989); *Petition of M/V Sunshine, II*, 808 F.2d 762, 764 (11th Cir. 1987) (quoting *Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976)). Liability must be shown to exist. "The whole doctrine of limitation of liability presupposes that a liability exists which is to be limited. If no liability exists there is nothing to limit." *In re Hechinger*, 890 F.2d 202, 207 (9th Cir. 1989) (quoting *Northern Fishing & Trading Co., Inc. V. Grabowski*, 477 F.2d 1267, 1272 (9th Cir. 1973).

In the case at bar, there was no liability on behalf of Morning Star and therefore there is nothing to limit. "The warranty of the ship owner is not one of

unconditional safety, but of fitness for duty of that which functions to provide the services tendered by the ship in the carriage of goods or people." *Hetchinger* 890 F.2d 202 at 208 (quoting *Smith v. American Mail Line, Ltd.*, 525 F.2d 1148, 1150 (9th Cor. 1975). The Vessel and "SeaWalker" system were in working order and Morning Star had no knowledge that there were any problems with the vessel, it's equipment, or the "SeaWalker" system. See *Yip Aff. par. 6*. The fact that an accident may have occurred does not necessarily impute negligence on behalf of the Morning Star.

As the Supreme Court in *Celotex* stated, summary judgment must be granted against a party who fails to demonstrate, after an adequate time for discovery, that there is a genuine issue of facts to establish elements essential to his case where that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed2d 265 (1986). Plaintiff/Limitation Defendants filed their complaint nearly three years ago. After a more than adequate amount of time for discovery, there remains no genuine issue of facts to establish that Morning Star was in any way negligent or a direct or proximate cause of Mitsuko Fukuoka's injury. As stated in the affidavit of Paul S. K. Yip, on the date of the incident, crewmembers followed the procedures as set forth by Morning Star in the event of an emergency. See *Yip Affidavit, par. 5*. Morning Star was not negligent and therefore not liable for the injury of Mitsuko

13

Fukuoka. As such, pursuant to the Limitation of Liability Act, Morning Star should be exonerated from any liability for the injury of Mitsuko Fukuoka.

    **B.**     **Even if the Court found that Morning Star was in some way negligent or that the Vessel was unseaworthy, Morning Star was without privity or knowledge of the negligence/unseaworthiness and therefore their liability should be limited to the amount or value of the Vessel.**

The Limited Liability Act provides that the liability of a shipowner incurred as a result of a maritime accident "without the privity or knowledge of such owner ⋯ shall not ⋯ exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." *46 U.S.C.App. § 183(a)*. Privity and knowledge are not defined in the Limitation of Liability Act, but are understood to be the "personal participation of the owner in the fault or negligence which caused or contributed to the loss or injury." *In the Matter of Skyrider*, 1990 WL 192479, 11 (D. Haw. 1990; *Coryell v. Phipps*, 317 U.S. 406, 411, 63 S.Ct. 291, 87 L.Ed. 363 (1943)).

As discussed above, there were no acts of negligence or conditions of unseaworthiness. Mitsuko Fukuoka was instructed on how to participate in the "SeaWalker" activity. When she notified the crew that she was having a problem, the crew responded appropriately. Even if the Court does find that there is an issue of fact regarding negligence, Morning Star is still entitled to limitation of its liability because it had no privity or knowledge of negligence or unseaworthiness.

14

"Privity or knowledge" has been defined as "some personal anticipation of the owner in the fault or negligence which caused or contributed to the loss or injury. *Skyrider*, 1990 WL 192479 at 11 (quoting *Coryell*, 317 U.S. at 411) In his affidavit, Paul S. K. Yip attests, "Prior to the incident of August 14, 2002, Morning Star Cruises, Inc. had no prior notice or knowledge of problems with the vessel, our procedures, or the "SeaWalker" system." See *Yip Affidavit, par. 6*.

Morning Star had no anticipation of any fault or negligence that may have contributed to the injury of Mitsuko Fukuoka. Because there is no genuine issue of material fact as to Morning Star's privity or knowledge of unseaworthiness or negligence, Morning Star is entitled to summary judgment as a matter of law. If Morning Star is found to have been negligent, its liability should be limited to the amount of the Vessel in accordance with the independent appraisal of Marine Surveyor Michael Doyle.

## IV.  Conclusion

Based on the foregoing, Limitation Plaintiff Morning Star respectfully requests an order granting Summary Judgment against Limitation Defendants SHIROH FUKUOKA, *Individually and as Personal Representative of* THE ESTATE OF MITSUKO FUKUOKA, *and as Next Friend of* MIHO FUKUOKA, *a Minor,* granting Limitation Plaintiff Morning Star Cruises, Inc. exoneration from

15

or limitation of liability in the amount of the Vessel and compressor attached to the Vessel.

DATED: Honolulu, Hawaii, July 21, 2006.

                                                **GREGORY K. MARKHAM**
                                                **KEITH K. KATO**
                                                **DESIREE HIKIDA MOKUOHAI**

                                                Attorneys for /Defendant
                                                Limitation Plaintiff
                                                **MORNING STAR CRUISES, INC.**