CC8MK

ORIGINAL

**CHEE & MARKHAM**
Attorneys At Law

**GREGORY K. MARKHAM**        (3453-0)
**KEITH K. KATO**        (5320-0)
**DESIREE HIKIDA MOKUOHAI**        (7793-0)
1000 American Savings Bank Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 523-0111
Facsimile: (808)523-0115
Email: gmarkham@cheemarkham.com
        kkato@cheemarkham.com
        dmokuohai@cheemarkham.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 0 3 2006

at ____ o'clock and ____ min ____ M
SUE BEITIA, CLERK

Attorneys for Defendant/Limitation Plaintiff
**MORNING STAR CRUISES, INC.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter of | ) CV. NO. 03-00672 SOM-BMK |
| | ) |
| The Complaint of MORNING STAR | ) |
| CRUISES, INC., a Hawaii corporation. | ) |
| | ) |
| SHIROH FUKUOKA, Individually and | ) CV. NO. 04-00588 SOM-BMK |
| as Personal Representative of THE | ) |
| ESTATE OF MITSUKO FUKUOKA, | ) **[CONSOLIDATED]** |
| and as Next Friend of MIHO | ) |
| FUKUOKA, a Minor, | ) |
| | ) |
| Plaintiffs, | ) **DEFENDANT/LIMITATION** |
| | ) **PLAINTIFF MORNING STAR** |
| | ) **CRUISES INC.'S BRIEF TO THE** |
| vs. | ) **COURT IN FAVOR OF** |
| | ) **REMAINING IN FEDERAL** |
| | ) **COURT; CERTIFICATE OF** |
| MORNING STAR CRUISES, INC., a | ) **SERVICE** |
| Hawaii corporation; JOHN DOES 1- | ) |

| | |
|---|---|
| 10, JANE DOES 1-10, DOE )<br>CORPORATIONS 1-10, DOE )<br>PARTNERSHIPS 1-10, DOE JOINT )<br>VENTURERS 1-10, DOE LIMITED )<br>LIABILITY ENTITES 1-10, DOE )<br>NON-PROFIT ENTITES, 1-10, DOE )<br>GOVERNMENTAL ENTITIES 1-10, )<br>DOE UNINCORPORATED )<br>ENTITIES 1-10, and OTHER DOE )<br>ENTITES 1-10, )<br> )<br>      Defendants. )<br>_____ )<br> )| Hearing: August 21, 2006<br><br>Time: 11:15 a.m.<br><br>Judge: Hon. Susan Oki Mollway<br><br><br>Trial:   February 21, 2007<br>Time:   9:00 a.m.<br>Judge: Hon. Susan Oki Mollway |

## DEFENDANT/LIMITATION PLAINTIFF MORNING STAR CRUISES INC.'S BRIEF TO THE COURT IN FAVOR OF REMAINING IN FEDERAL COURT

### I.    Introduction

This is an admiralty case that arises out of an accident that involved Mitsuko Fukuoka on August 14, 2002, when Mitsuko Fukuoka, her husband Shiroh Fukuoka, and daughter Miho Fukuoka participated in the "SeaWalker" activity with Morning Star Cruises, Inc. (hereinafter "Morning Star").

On September 8, 2003, SHIROH FUKUOKA, *Individually and as Personal Representative of* THE ESTATE OF MITSUKO FUKUOKA, *and as Next Friend of* MIHO FUKUOKA, *a Minor* (hereinafter collectively referred to as "Plaintiffs/Limitation Defendants") filed a lawsuit against Morning Star in the Circuit Court of the First Circuit of the State of Hawaii, Civil No. 03-1-1819.

On December 8, 2003, Morning Star initiated a Complaint for Exoneration from or Limitation of Liability, Civil No. CV03-00672 SOM in the United States District Court for the District of Hawaii

Pursuant to an agreement between the parties, a Stipulation was filed on April 26, 2004 within Civil No. 03-1-1819-09 was removed to the United States District Court for the District of Hawaii and for consolidation with Civil No. CV03-00672 SOM.

At a July 17, 2006 hearing, this Court, addressed its concerns that removal of Civil No. 03-00672 was improper as it alleged only state torts and no federal question, defendant would not have been able to remove the state court action as a matter of right and the amount in controversy given the limitation allegation was met. We will address the second issue here, as it seemed to be the Court's greatest concern following oral presentations on July 17, 2006.

On July 27, 2006, this court filed an Order Regarding Lively v. Wild Oats Markets, Inc., a decision issued in the Ninth Circuit Court that day and attached a copy of the opinion. The Ninth Circuit held, "that the forum defendant rule is procedural, and therefore a violation of this rule is a waivable defect in the removal process that cannot form a basis for a district court's *sua sponte* remand order." Lively v. Wild Oats Markets, Inc., No. 04-56682 at 8430. This brief is in support of Morning Star's position to maintain the consolidated cases in federal

court. Morning Star has reviewed the <u>Lively</u> opinion and asserts that it is directly on point with this case, that diversity jurisdiction exists, and that a *sua sponte* remand order in this case would be inappropriate.

## II.    Discussion

Morning Star submits that the state tort case should remain in federal court based on diversity jurisdiction, the parties' removal stipulation agreement, and the fact that although Defendant is a citizen of the forum state contrary to 28 U.S.C. §1441(b), it is a waivable procedural defect.

### A.    This court has jurisdiction over this matter pursuant to the existence of diversity jurisdiction under 28 U.S.C. § 1332.

Proper removal of this case is pursuant to an agreement between the parties and diversity jurisdiction. Diversity jurisdiction exists under 28 U.S.C. §1332.[1] Parties are completely diverse; Plaintiffs/Limitation Defendants are citizens of Japan and Morning Star is a citizen Hawaii; and the matter in controversy exceeds the sum of $75,000.

---

[1]  28 U.S.C. § 1332 provides:
**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
   **(1)** citizens of different States;
   **(2)** citizens of a State and citizens or subjects of a foreign state;
   **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
   **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

In determining the amount in controversy, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co. 303 U.S. 283, 288-290, 58 S.Ct. 586, 590 - 591 (U.S. 1938) In determining the amount in controversy, Plaintiffs/Limitation Defendants claim is controlling. "Where a plaintiff's complaint does not specify the amount of damages being sought, the removing defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy requirement is satisfied." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1003 -1004 (C.D.Cal.,2002); Singer v. State Farm Mutual Automobile Ins. Co., 116 F.3d 373, 376 (9th Cir.1997). The burden of demonstrating that the amount in controversy requirement is satisfied can easily be met if it is facially apparent from the allegations in the complaint that plaintiff's claims exceed $75,000. See Kenneth Rothschild, 199 F.Supp.2d at 1003 -1004; Easley v. Pace Concerts, Inc., No. CIV. A. 98-2220, 1999 WL 649632, 3 (E.D.La. Aug. 25, 1999). It is clear from the allegations in Plaintiffs/Limitation Defendants complaint that their claims exceed $75,000.

Morning Star's complaint for exoneration from or limitation of liability does not prevent the Court's jurisdiction. Events occurring after the filing

of the complaint that reduce the amount recoverable below the requisite amount do

not oust the court from jurisdiction. _St. Paul_, 303 U.S. at 293, 58 S.Ct. at 592;

_Budget Rent-A-Car, Inc. v. Higashiguchi_, 109 F.3d 1471, 1473 (C.A.9

(Hawai'i),1997) The possibility that Morning Star may be exonerated from or limit

its liability to the amount of the Vessel involved in the underlying state tort claim

does not change satisfaction of the amount in controversy requirement.

**B.** **The forum defendant rule of 28 U.S.C. § 1441(b) is procedural, and a waivable defect in the removal process.**

      This case was removed pursuant to 28 U.S.C. § 1441(a) through

diversity jurisdiction under 28 U.S.C. § 1332.  However, the forum defendant rule

contained in 28 U.S.C. §1441(b) provides, "…Any other such action shall be

removable only if none of the parties in interest properly joined and served as

defendants is a citizen of the State in which such action is brought. 28 U.S.C.

§1441(b). While it is true that Morning Star, the defendant in this case, is a citizen

of the State of Hawaii, the forum defendant rule is merely procedural, and thus a

waivable defect. _Lively_ at Slip Op. 8430.

      In joining "eight of the nine circuits that have decided" the issue, the

Ninth Circuit held "that the forum defendant rule is procedural, and therefore a

violation" of the "rule is a waivable defect in the removal process that cannot form

the basis for a district court's _sua sponte_ remand order." _Id_. 8430. The _Lively_

court's holding was based on an analysis of the legislative history of 28 U.S.C. §

1447(c), the policy rationale of §1441(b), the prevailing law of its sister circuits, and Supreme Court precedent. Id. at 8435.

Lively's analysis of §1447(c) legislative history demonstrates that although the forum defendant rule is not a traditional rule for removal procedure, the amendments to §1447(c) subject §1441(b) violations to the 30-day time limit. Lively at Slip Op. 8436. Because Plaintiffs/Limitation Defendants did not move to remand the case, a remand order after the 30 day time limit, is not necessary.

Furthermore, removal based in diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court; however, the need for protection is absent when the defendant is a citizen of the state in which the case is being brought. Lively at Slip. Op. 8437. See also Tosco Copr. V. Cmtys. for a Better Env't., 236 F.3d 495, 502 (9th Cir. 1991).

A procedural characterization of the defendant forum rule adheres with the purpose of the rule, the "plaintiff can either remand the case to state court within the 30-day time limit, or allow the case to remain in federal court by doing nothing. Either way, the plaintiff exercises control over the forum." Id. at 8437.

In addition to comporting with an overwhelming majority of the circuits,[2] Supreme Court precedent also favors holding that a violation of the forum defendant rule is a waivable procedural defect. In Grubbs v. Gen. Elec. Credit

---

[2] See citations and descriptions of holdings in other circuits. Lively, at Slip Op. 8438.

*Corp.*, 405 U.S. 699 (1972), the Supreme Court held that where a removed case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court. *Id*. at 702. *Grubbs*, "clearly suggested, even if it did not directly hold, that it does not view the removal statute as imposing independent jurisdictional restrictions on the federal courts." *Lively* at Slip Op. 8440 (quoting *Korea Exchange*, 66 F.3d at 50).

The Ninth Circuit's recent decision in *Lively*, that "the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by §1447(c)," *Lively* at Slip Op.8441, is applicable to this case. Because Limitation Defendants did not object to removal within 30 days, agreed to removal by stipulation, and the defendant rule in §1441(b) is a waivable defect, an order to remand would be inappropriate.

## I.    Conclusion

Based on the foregoing, Morning Star Cruises, Inc. respectfully requests that this Court maintain the consolidated cases Civ. No. 03-00672

SOM/BMK and Civ. No. 04-00588 in the United States District Court, for the

District of Hawaii, and the current trial date.

DATED: Honolulu, Hawaii, _____.

GREGORY K. MARKHAM
KEITH K. KATO
DESIREE HIKIDA MOKUOHAI

Attorneys for /Defendant
Limitation Plaintiff
MORNING STAR CRUISES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter ) | CV NO. 03-00672 SOM-BMK |
| ) | |
| of ) | |
| ) | |
| The Complaint of MORNING STAR ) | |
| CRUISES, INC., a Hawaii ) | |
| Corporation. ) | |
| ) | |
| SHIROH FUKUOKA, Individually ) | CV NO. 04-00588 SOM-BMK |
| and as Personal Representative of ) | |
| THE ESTATE OF MITSUKO ) | [CONSOLIDATED] |
| FUKUOKA, and as Next Friend of ) | |
| MIHO FUKUOKA, a Minor, ) | |
| ) | |
| Plaintiffs, ) | **CERTIFICATE OF SERVICE** |
| ) | |
| vs. ) | |
| ) | |
| MORNING STAR CRUISES, INC., ) | |
| a Hawaii corporation; JOHN DOES ) | |
| 1-10, JANE DOES 1-10, DOE ) | |
| CORPORATIONS 1-10, DOE ) | |
| PARTNERSHIPS 1-10, DOE JOINT ) | |
| VENTURERS 1-10, DOE LIMITED ) | |
| LIABILITY ENTITES 1-10, DOE ) | |
| NON-PROFIT ENTITES, 1-10, ) | |
| DOE GOVERNMENTAL ) | |
| ENTITIES 1-10, DOE ) | |
| UNINCORPORATED ENTITIES 1- ) | |
| 10, and OTHER DOE ENTITES 1- ) | |
| 10, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was duly served upon the below-identified party at their respective address by means of hand-delivery on August 3, 2006.

**ROBERT D. KAWAMURA, ESQ.**
550 Halekauwila Street, Suite 106
Honolulu, Hawaii  96813

Attorney for Limitation Defendants

DATED: Honolulu, Hawaii, ___AUG 0 3 2006_____

 

**GREGORY K. MARKHAM**
**KEITH K. KATO**
**DESIREE HIKIDA MOKUOHAI**

Attorneys for /Defendant
Limitation Plaintiff
**MORNING STAR CRUISES, INC.**