

Of Counsel:
LAW OFFICE OF ROBERT D. KAWAMURA
Attorneys At Law

ROBERT D. KAWAMURA 4537
107 Lawyers Building
550 Halekauwila Street
Honolulu, Hawaii        96813
Telephone: (808) 523-3777
Facsimile:   (808) 523-3780
Email:     Honolaw@aol.com

Attorneys for Plaintiffs/Limitation Defendants
SHIROH FUKUOKA, Individually and
as Personal Representative of
THE ESTATE OF MITSUKO FUKUOKA, and
as Next Friend Of MIHO FUKUOKA, a Minor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| In the Matter<br><br>Of<br><br>The Complaint of MORNING STAR CRUISES, INC., a Hawaii corporation. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. CV03-00672SOM<br>(Non-Vehicle Tort)<br><br>**PLAINTIFFS/LIMITATION DEFENDANTS SHIROH FUKUOKA, Individually and as Personal Representative of THE ESTATE OF MITSUKO FUKUOKA, and as Next Friend Of MIHO FUKUOKA'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGSTO LIMITATION DEFENDANT/ LIMITATION PLAINTIFF MORNING STAR CRUISES, INC.** |

EXHIBIT   7

**PLAINTIFFS/LIMITATION DEFENDANTS SHIROH FUKUOKA, Individually and as Personal Representative of THE ESTATE OF MITSUKO FUKUOKA, and as Next Friend Of MIHO FUKUOKA'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO LIMITATION DEFENDANT/LIMITATION PLAINTIFF MORNING STAR CRUISES, INC.**

TO:   Gregory K. Markham, Esq.
Keith K. Kato, Esq.
CHEE & MARKHAM
1000 American Savings Bank Tower
1001 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Limitation Plaintiff/Defendant
Morningstar Cruises, Inc.

IT IS REQUESTED that the following Interrogatories and Request for Production of Documents and Things served upon you be answered under oath in accordance with Rules 26, 33 and 34 of the Federal Rules of Civil Procedure.

The answers may be inserted in the spaces provided and to the extent that such spaces are inadequate, on additional pages. In answering these interrogatories and requests, you are requested to furnish not only the information known to you, your agents, and your attorneys, but also all the information within your or their possession, custody and control. Do not leave any answers blank. If it is not applicable, so indicate in the spaces provided.

PLEASE TAKE NOTICE that a copy of the answers to the Interrogatories and Request for Production of Documents and Things must be served on the undersigned within thirty (30) days after receipt of the same. IT IS REQUESTED that two (2) copies of your answers be served upon the undersigned.

PURSUANT TO Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, these discovery requests shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information on the matters covered by the questions propounded herein.

The following instructions are to be considered applicable to all requests for production of documents contained herein:

1.  In producing these documents, you are to specify which request(s) each document is being produced in response to.

2.  In producing these documents, you are required to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives, experts or investigators.

3.  If any of these documents cannot be produced in full, produce to the extent possible, specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you do have concerning the unproduced portion.

4.  If any documents or things requested were at one time in existence, but are no longer in existence, please so state, specifying for each document or thing, (a) the type of document or thing, (b) the type of information contained thereon, (c) the date upon which it ceased to exist, (d) the circumstances under which it ceased to exist, (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist, and (f) the identity of all persons having knowledge of the contents thereof.

## DEFINITIONS

1.    "The incident" or "the subject snuba activity" refers to the August 14, 2002 "snuba" diving activity operated by Morning Star Cruises, Inc. in Kaneohe Bay, Hawaii wherein Mitsuko Fukuoka participated as a customer of the activity.

2.    "You" and "Your" mean and include Defendants and all other persons or entities acting or purporting to act on your behalf, including, without limitation, your insurance agents, your present and former attorneys, investigators, experts, agents, employees, managers, accountants, advisors and their agents, and consultants; your present and former officers, directors, owners and/or partners; your present and former affiliates, subsidiaries, controlled companies, joint venturers, parent and/or other similar entities.

3.    "Person" includes, without limitations, any natural person, firm, company, partnership, association, joint venture, sole proprietorship, organization, business trust, corporation, or any other group combination acting as a unit or other form of legal, business, non-profit, or governmental entity.

4.    "Document" and "Writing" mean and include the original and any copy, regardless of origin or location, of any printed, typed, written, graphic or recorded materials or tangible things of every kind, however produced or reproduced, in your possession, custody or control, and includes but is not limited to, any letters, correspondence, memoranda, telegrams, facsimiles, telexes, computer generated messages whether or not in a printed tangible manner, other communications, agreements, contracts, admission records, college applications, financial aid applications, grade records, curriculum records, job placement records, offers,

proposals, prospectuses, ballots, tariffs, promissory notes, deeds, leases, agreements of sale, mortgages, financial statements, balance sheets, profit and loss statements, tax returns, loan applications, work papers, ledgers, journals, books of accounts, canceled checks, deposit receipts, statements, bills, airbills, consignment notes, facsimile receipts, purchase orders, invoices, summaries, outlines, estimates, budgets, projections, cost analyses, damage calculations, bulletins, books, periodicals, newsletters, articles, brochures, advertisements, reports, logs, agenda, minutes studies, charts, graphs, maps, drawings, schedules, plans, blueprints, sketches, schematics, models, surveys, printouts, cards diaries, calendars, desk calendars, appointment books, photographs, recordings (mechanical, electrical, video, typed or written) and any instrument or device which contains any information or from which any information can be derived or retrieved.

       5.    "Identify," when used with respect to any writing, means to describe the writing in such a manner that all the following information is provided:

       a.    Its nature (e.g., letter, memorandum, contract, report, statement, recording, photograph, etc.);

       b.  Its title, if any;

       c.  The date the writing was prepared, drafted or recorded;

       d.  The identity of the person or persons who prepared, drafted, or recorded the writing or participated therein;

       e.  The dates the writing was sent and received (if applicable) and the identity of the person sending and the person receiving the writing;

f.   To the best of your recollection what was said by each party to the conversation; and

g.   The identity of the person who presently has custody or control of the writing.

6.    "Identify," when used with respect to any conversation, means to describe the conversation in such a manner that all the following information is provided:

a.    Whether the conversation took place in person, by telephone or otherwise;

b.   If by telephone, the identity of the party originating the call, the identity of the person receiving the call, the identity of any other person participating in the conversation, and the location of each of these parties at the time of the conversation;

c.   If by telephone, the identity of any other person present within hearing of any party to the conversation;

d.   If in person, the identity of all persons present during the conversation and the location of the conversation;

e.   The date and time of the conversation;

f.   To the best of your recollection what was said by each party to the conversation; and

g.    The identity of the custodian of any document that recorded, summarized or concerned the conversation.

7.    "Identify," when used with respect to any individual, and all persons referred to or mentioned in any answer to any interrogatory, means to provide the following information regarding each such person;

a.  The individual's name;

b.  The individual's last known residence address;

c.  The individual's last known telephone number;

d.  The individual's last known employer's name,    address and telephone number and the individual's position with said employer;

e.  Describe in detail the individual's relationship to you as pertinent to the particular interrogatory.

f.  If the individual was ever employed by you, state all positions held with you and the respective time periods for each position held with you.

8.    Whenever you are asked to identify a writing or document, you are requested to attach a copy of it to your answers to these interrogatories.  Whenever a writing or document is so attached, you need not include any information in your identification which is apparent from the face of the writing or document.

9.    If you claim any privilege against the disclosure of any information covered by any of the paragraphs above, state the privilege you claim and describe the communication, meeting, transaction, activity and/or any other event sufficiently to allow a motion to compel its disclosure.

As used herein, the singular form of a noun or pronoun shall be construed to include within its meaning the plural form of the noun or pronoun so used, and vice versa.  In a similar fashion, the use of the masculine form of a noun or pronoun shall be

considered to include within its meaning the feminine or neuter form of the noun or pronoun so used, and vice versa.  Also in a similar fashion, the use of any tense of any verb shall be construed to include also within its meaning all other tenses of the verb so used.

If any of the interrogatories cannot be answered in full, after discussion with your attorney concerning whatever information he/she may have obtained in the preparation of this case, please answer to the extent possible, specifying the reason for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

Each of the definitions and instructions is hereby incorporated into each of the interrogatories to which it pertains.

Dated: Honolulu, Hawaii;                    July 22, 2005                    .

ROBERT D. KAWAMURA

Attorney for Limitation Defendants
SHIROH FUKUOKA, Individually and
as Personal Representative Of THE
ESTATE OF MITSUKO FUKUOKA, and
as Next Friend Of MIHO FUKUOKA

## INTERROGATORIES and REQUEST FOR
## PRODUCTION OF DOCUMENTS AND THINGS

1.    Identify all individuals assisting in the answering of these interrogatories, request for production of documents and request for admissions.  For each such person, state their name, employer, employer's address, occupation, occupational title, period(s) of employment and specify each person's duties and responsibilities with their employers.

Ans.

2.    Please identify all employees, agents and/or volunteers who worked for you on August 14, 2002.

Ans.



3.   Please identify all persons that was actually working for you during the subject snuba" activity  at Kaneohe Bay on August 14, 2002.

   <u>Ans.</u>

4.   Please identify all persons that participated in the snuba diving activity on August 14, 2002.

   <u>Ans.</u>

5.     Please identify all of your employees that gave instructions to the participants in the subject snuba activity.

       <u>Ans.</u>

6.     Please state in detail all instruction and warnings that your employees were suppose to give to the participants of the subject snuba activity.

       <u>Ans.</u>

7.  Please identify all persons (employees and participants) that actually participated in the subject snuba activity on August 14 2002.

    Ans.

8.  Please identify all written or videographic or photgraphic material that was shown to or given to the participants of the subject snuba activity on August 14, 2002.

    Ans.

9.   Please produce copies of all documents and things shown to or given to participants of the subject snuba activity on August 14, 2002.

    <u>Ans.</u>

10.   Please describe in detail all training that you provided to the participants before the participants of the subject snuba activity actually put on their helmets and went under the water.

    <u>Ans.</u>

11.  Please identify all safety related credentials, awards, training, certificates, degrees and diplomas that each of your employees had at the time of the subject snuba activity on August 14, 2002.

     Ans.

12.  Please produce all advertising for the snuba activity that was used between the period July, 2002 and August 14, 2002.

     Ans.

13.     Please produce all documents and things, included but not limited to pictures, photos, videos, drawings, illustrations, sketches of the snuba equipment that you use in your snuba operations.

    <u>Ans.</u>

14.     Please identify the make and model of the snuba equipment that was used by Mitsuko Fukuoka during the subject snuba activity on August 14, 2002.

    <u>Ans.</u>

15.    Please identify each employee that participated in the subject snuba activity on August 14, 2002 and state in detail each person's duties and responsibilities for the activity.

Ans.

16.    Please state in detail what happened from the time Mitsuko Fukuoka, her husband and daughter arrived for the subject snuba activity up until the time that the ambulance transported Mitsuko Fukuoka to the Castle Medical Center.

Ans.

17.    Please state in detail all statements made by Mitsuko Fukuoka, Shiroh Fukuoka and Miho Fukuoka to anyone from August 14, 2002 to the present.

<u>Ans.</u>

18.    Please state in detail all statements made by anyone from your company to Mitsuko Fukuoka, Shiroh Fukuoka and Miho Fukuoka to anyone from August 14, 2002 to the present.

<u>Ans.</u>

19.    Please identify each person that observed Mitsuko Fukuoka to be in distress under the water and state what each person did in response thereto.

   <u>Ans.</u>

20.    Please identify each person that assisted Mitsuko Fukuoka to the surface after she was in distress under the water and state how each person assisted her.

   <u>Ans.</u>

21.   Please identify each person that came to Mitsuko Fukuoka's aid at anytime after she was brought to the surface and state what each person did to aid her.

Ans.

22.   Please identify all policies of insurance that may provide coverage for you relating to this incident.  For each such policy, please identify the insurance companies, policy limits and claim numbers.

Ans.

23.    Please produce all correspondence whether written or electronic between you and any other person, other than your attorneys, relating to the claims made in this lawsuit.

   Ans.

24.    Please identify all witnesses that you plan to call to testify at trial.

   Ans.

25.    Please identify all exhibits that you plan to use at trial.

     <u>Ans.</u>

26.    Please produce all document and things relating to the subject snuba activity on August 14, 2002.

     <u>Ans.</u>