**CHEE & MARKHAM**
Attorneys At Law

**GREGORY K. MARKHAM      (3453-0)**
**KEITH K. KATO                      (5320-0)**
**DESIREE HIKIDA MOKUOHAI  (7793-0)**
1000 American Savings Bank Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 523-0111
Facsimile:  (808)523-0115
Email: gmarkham@cheemarkham.com
         kkato@cheemarkham.com
         dmokuohai@cheemarkham.com

Attorneys for Defendant/Limitation Plaintiff
**MORNING STAR CRUISES, INC.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter of ) | CV. NO. 03-00672 SOM-BMK |
| ) | |
| The Complaint of MORNING STAR ) | |
| CRUISES, INC., a Hawaii corporation. ) | |
| ) | |
| SHIROH FUKUOKA, Individually and ) | CV. NO. 04-00588 SOM-BMK |
| as Personal Representative of THE ) | |
| ESTATE OF MITSUKO FUKUOKA, ) | **[CONSOLIDATED]** |
| and as Next Friend of MIHO ) | |
| FUKUOKA, a Minor, ) | |
| ) | **REPLY MEMORANDUM TO** |
| Plaintiffs, ) | **LIMITATION DEFENDANTS'** |
| ) | **MEMORANDUM IN** |
| vs. ) | **OPPOSITION TO MORNING** |
| ) | **STAR CRUISES INC.'S MOTION** |
| MORNING STAR CRUISES, INC., a ) | **FOR SUMMARY JUDGMENT** |
| Hawaii corporation; JOHN DOES 1-10,) | **AGAINST LIMITATION** |

| | |
|---|---|
| JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURERS 1-10, DOE LIMITED LIABILITY ENTITES 1-10, DOE NON-PROFIT ENTITES, 1-10, DOE GOVERNMENTAL ENTITIES 1-10, DOE UNINCORPORATED ENTITIES 1-10, and OTHER DOE ENTITES 1-10,<br><br>　　　　　　Defendants.<br>_____ | **DEFENDANTS FOR EXONERATION FROM, OR LIMITATION OF LIABILITY [DATED 7/21/06] FILED 8/3/06; CERTIFICATE OF SERVICE**<br><br>Date:  August 21, 2006<br><br>Time: 11:15 a.m.<br><br>Judge: Hon. Susan Oki Mollway<br><br><br>Trial:   February 21, 2007<br>Time:   9:00 a.m.<br>Judge:  Hon. Susan Oki Mollway |

**REPLY MEMORANDUM TO LIMITATION DEFENDANTS' MEMORANDUM IN OPPOSITION TO MORNING STAR CRUISES INC.'S MOTION FOR SUMMARY JUDGMENT AGAINST LIMITATION DEFENDANTS FOR EXONERATION FROM, OR LIMITATION OF LIABILITY [DATED 7/21/06] FILED 8/3/06**

### I.   Introduction

Morning Star Cruises, Inc. (Morning Star), by and through its attorneys, the law firm of Chee & Markham, hereby replies to Limitation Defendants' Memorandum in Opposition to Morning Star Cruises Inc.'s Motion for Summary Judgment Against Limitation Defendants [Dated July 21, 2006] Filed August 3, 2006.

## II. Discussion

Limitation Defendants have failed to provide facts showing that there is a genuine issue for trial. As such, Morning Star should be granted summary judgment against Limitation Defendants as a matter of law.

> **A. Morning Star's Motion for Summary Judgment should be granted because the material facts in its concise statement are deemed admitted by Limitation Defendants.**

Morning Star's facts of the case, as described in its Concise Statement of Facts Filed July 21, 2006, are deemed admitted pursuant to the Local Rules of Practice for the United States District Court for the District of Hawaii. "For the purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party." *LR 56.1(g), Local Rules of Practice for the United States District Court for the District of Hawaii*.

Contrary to the requirement of LR 56.1, Limitation Defendants did not submit a separate Concise Statement of Facts in support of its Memorandum in Opposition. Therefore, pursuant to the Local Rules of this Court, the material facts supporting Morning Star's motion are deemed admitted. The material facts asserted by Morning Star include: 1) Morning Star had procedures for operation instruction, safety, first aid and emergency situations; 2) on the date of the incident, Morning Star was not negligent in the injury of Mitsuko Fukuoka; 3)

prior to the incident of August 14, 2002, Morning Star had no privity or knowledge that the Vessel was in any way unseaworthy or that it was negligent; and 5) even if there was any negligence, Morning Star had no knowledge or privity of that negligence.

Given the admitted facts, there are no genuine issues of material fact and Morning Star is entitled to judgment as a matter of law.

> **B. Summary Judgment should be granted against Limitation Defendants for failure to show that genuine issues of material fact exist.**

In addition to Limitation Defendants' failure to controvert Morning Star's concise statement of facts, their Memorandum in Opposition fails to demonstrate a genuine issue of material fact. Limitation Defendants' assertion that there is a genuine issue of material fact as to whether the subject "vessel" was unseaworthy or whether defendant or its crew was negligent is factually unsupported. Limitation Defendants claim that Morning Star was negligent in monitoring its ocean activity, "particularly when they negligently dropped Mitsuko Fukuoka from the ladder to the ocean bottom." See Memo in Opp. Limitation Defendant's offer no facts supporting their contention that Morning Star negligently dropped Mitsuko Fukuoka from the ladder to the ocean bottom. There is no record or factual support that Morning Star's employees ever dropped Mitsuko Fukuoka.

4

The only evidence Limitation Defendants proffer are copies of their <u>unverified</u> responses to Morning Star's Interrogatory No. 9 wherein they answered, "It seems that while she was climbing, she passed out and fell back in the water toward the bottom of the ocean." <u>See</u> Memo in Opp. p. 5.  Neither of the Responses to Interrogatories by Miho Fukuoka nor Shiroh Fukuoka were signed or verified by Limitation Defendants. To survive summary judgment, Limitation Defendants must do more than simply show that there is some metaphysical doubt as to the material facts." <u>*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)</u>. There is no evidence supporting Limitation Defendants contention.

Limitation Defendants' assertion that Morning Star negligently responded to Mitsuko Fukuoka's plight is also unfounded by any facts. Their sole reliance on this claim is based upon the preliminary report of their expert, Thomas Embro. The opinion of Thomas Embro is not a reliable source of fact as the report was written nearly a year before any discovery was requested or produced and that the report written based on the understanding that the activity was a "snuba" dive. See Memo in Opp, Exhibit 1.

By their own admission, Limitation Defendants, state that they made their first discovery request May 23, 2006, nearly a year after their expert's report was written. <u>See</u> Memo in Opp. The report Limitation Defendants rely upon was

5

written based on few and insufficient documents and facts. Furthermore, Limitation Defendants' expert incorrectly refers to the accident as a "SNUBA drowning case." See Memo in Opp, Exhibit 1, p. 2. The activity the Fukuoka's participated in on the date of the incident was called the "SeaWalker," which differs from both scuba diving and snuba diving. As the Supreme Court noted in *Daubert*, an expert's testimony must rest on a reliable foundation and must be relevant to the task at hand. *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579, 597, 113 S.Ct. 2786, 2799 (U.S.Cal.,1993).

Limitation Defendants' entire contention of negligence rests on the preliminary report of an expert retained nearly a year prior to any discovery requests and based on assertions of Limitation Defendants and incomplete documents. Furthermore, their expert's opinion is based on 'snuba' diving and not based on the "Seawalker" system. The proferred preliminary report by Thomas Embro is neither based on a reliable foundation nor, as it addresses 'snuba,' relevant to the task at hand. Limitation Defendants fail to demonstrate, after an adequate time for discovery, that there is a genuine issue of facts to establish elements essential to their case. Limitation Defendants failure to do so necessitates an order granting summary judgment against them and in favor of Morning Star. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed2d 265 (1986).

### C. Morning Star has provided Limitation Defendants' with responses to their discovery requests.

Limitation Defendants proffer that Morning Star's motion be denied due to a delayed response to discovery requests. Limitation Defendants filed their initial complaint September 8, 2003. While maintaining this case on the Court's docket for nearly three years, Limitation Defendants finally served Morning Star with their first discovery requests May 23, 2006. Morning Star has provided its responses to Limitation Defendants request.

Alternately, Morning Star's discovery requests to Limitation Defendants dated March 26, 2004 went unanswered for over two years. Morning Star filed a Motion to Compel Discovery granted at a May 26, 2006 hearing, wherein Limitation Plaintiff was ordered to respond to Morning Star's discovery requests by June 15, 2006.[1]  Despite this Court's order, Limitation Defendants failed to comply with the June 15, 2006 deadline or respond to Morning Star's continued requests. Finally, on July 12, 2006, Morning Star filed a Motion to Dismiss the case.[2] Later that same day Morning Star received unsigned and unverified Answers to Interrogatories from Limitation Defendants. Morning Star submits that it is within this Court's discretion to not only grant summary judgment against Limitation Defendants, but also, in the alternative, to dismiss the case.

---

[1] See Order Granting Defendant/Limitation Plaintiff's Motion to Compel Discovery filed June 6, 2006.
[2] Morning Star's Motion to Dismiss is scheduled for September 22, 2006.

## II. Conclusion

Based on the foregoing, Limitation Plaintiff Morning Star respectfully requests an order granting Summary Judgment against Limitation Defendants SHIROH FUKUOKA, *Individually and as Personal Representative of* THE ESTATE OF MITSUKO FUKUOKA, *and as Next Friend of* MIHO FUKUOKA, *a Minor,* granting Limitation Plaintiff Morning Star Cruises, Inc. exoneration from or limitation of liability in the amount of the Vessel and compressor attached to the Vessel.

DATED: Honolulu, Hawaii, August 10, 2006.

/s/ Desiree Hikida Mokuohai
**GREGORY K. MARKHAM**
**KEITH K. KATO**
**DESIREE HIKIDA MOKUOHAI**

Attorneys for /Defendant
Limitation Plaintiff
**MORNING STAR CRUISES, INC.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter ) | CV NO. 03-00672 SOM-BMK |
| ) | |
| of ) | |
| ) | |
| The Complaint of MORNING STAR ) | |
| CRUISES, INC., a Hawaii ) | |
| Corporation. ) | |
| ) | |
| _____ ) | |
| SHIROH FUKUOKA, Individually ) | CV NO. 04-00588 SOM-BMK |
| and as Personal Representative of ) | |
| THE ESTATE OF MITSUKO ) | [CONSOLIDATED] |
| FUKUOKA, and as Next Friend of ) | |
| MIHO FUKUOKA, a Minor, ) | |
| ) | |
| Plaintiffs, ) | **CERTIFICATE OF SERVICE** |
| ) | |
| vs. ) | |
| ) | |
| MORNING STAR CRUISES, INC., ) | |
| a Hawaii corporation; JOHN DOES ) | |
| 1-10, JANE DOES 1-10, DOE ) | |
| CORPORATIONS 1-10, DOE ) | |
| PARTNERSHIPS 1-10, DOE JOINT ) | |
| VENTURERS 1-10, DOE LIMITED ) | |
| LIABILITY ENTITES 1-10, DOE ) | |
| NON-PROFIT ENTITES, 1-10, ) | |
| DOE GOVERNMENTAL ) | |
| ENTITIES 1-10, DOE ) | |
| UNINCORPORATED ENTITIES 1- ) | |
| 10, and OTHER DOE ENTITES 1- ) | |
| 10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

9

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by First Class Mail:

    **ROBERT D. KAWAMURA, ESQ.**        August 11, 2006
    550 Halekauwila Street, Suite 106
    Honolulu, Hawaii  96813

    Attorney for Limitation Defendants

DATED: Honolulu, Hawaii, August 10, 2006.

    **/s/ Desiree Hikida Mokuohai**
    **GREGORY K. MARKHAM**
    **KEITH K. KATO**
    **DESIREE HIKIDA MOKUOHAI**

    Attorneys for /Defendant
    Limitation Plaintiff
    **MORNING STAR CRUISES, INC.**